UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY,

                                       Plaintiff,

v.                                                                               1:21-CV-1039
                                                                                   (GTS/ATB)

ADAM RODICK;  STEPHANIE RODICK; and
MDP, Individually and as Parent and Natural Guardian
of DDP, an infant,

                                         Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

CONGDON, FLAHERTY, O'CALLAGHAN,      RICHARD JOHN NICOLELLO, ESQ.
RIED, DOLON, TRAVIS, & FISHL
  Counsel for Plaintiff
333 Earle Ovington Blvd.
Uniondale, NY 11553

LAMARCHE SAFRANKO LAW PLLC           GEORGE E. LAMARCHE, III, ESQ.
  Counsel for Defendant                           JOSHUA R. FRIEDMAN, ESQ.
987 New Loudon Road
Cohoes, NY 12047

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this insurance-contract action filed by Metropolitan Property and Casualty Insurance Company ("Plaintiff") against Adam Rodick, Stephanie Rodick, and MDP ("Defendants"),  are (1) Plaintiff's motion for summary judgment under Fed. R. Civ. P. 56 on its claims seeking  a judgment declaring that the homeowner's policy ("the Policy") issued by Plaintiff to Adam Rodick and Stephanie Rodick ("the Rodicks") does not cover the loss claimed  in an action commenced by MDP (individually and as parent and natural

1

guardian of DDP, an infant) in New York Supreme Court, Saratoga County, and further declaring that Defendant is not obligated to defend or indemnify the Rodicks in that state court action, and (2) Plaintiff's motion for default judgment Fed. R. Civ. P. 55(b) on its claims against Adam and Stephanie Rodick (Dkt. Nos. 13, 16.) For the reasons set forth below, both of Plaintiff's motions are granted.

I. RELEVANT BACKGROUND

    A.        **Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint alleges that Plaintiff's Policy to insure the home of Adam and Stephanie Rodick's does not cover the intentionally harmful actions of JR that are alleged in the state court complaint filed by MDP (individually and as parent and natural guardian of DDP, an infant) against JR and his parents Adam and Stephanie Rodick (arising from JR's alleged sexual assault of DDP in September 2020, while attending a party at the Rodicks' home), and therefore Plaintiff is not required to defend or indemnify the Rodicks in that state court action. (Dkt. No. 1.)

Based on these factual allegations, Plaintiff's Complaint asserts the following five claims against Defendants: (1) a claim for a judgment declaring that the alleged intentionally harmful acts of the insured's son, JR, do not constitute an "occurrence" as that term is defined in the Policy, that JR's alleged acts bind the insured under the Policy's Joint Obligation Clause, and that Plaintiff has no obligation under the Policy to defend or indemnify the insured in the state court action; (2) a claim for a judgment declaring that JR's alleged intentionally harmful acts fall within the scope of the Policy's Intentional Loss Exclusion and bind the insured; (3) a claim for a judgment declaring that JR's alleged intentionally harmful acts also fall within the Policy's Abuse Exclusion; (4) a claim for a judgment declaring that JR's alleged intentionally harmful

acts occurred while he was under the influence of a controlled substance, and therefore the acts fall within the Policy's Controlled Substance Exclusion; and (5) a claim for a judgment declaring that MDP's individual claim for emotional distress is specifically excluded from coverage by the Policy's Emotional and Mental Anguish Exclusion. (*Id.*)

### B.  Underlying New York State Supreme Court Action

MDP commenced an action in New York State Supreme Court, Saratoga County captioned "MDP, Individually and as Parent and Natural Guardian of DDP, an infant v. Adam Rodick, Stephanie Rodick, Individually and as Parents and Natural Guardians of JR, an infant and JR an infant, individually et al." (Dkt. No. 1, Attach. 1.)  The complaint in this state court action alleges that JR sexually assaulted DDP in September 2020 while attending a party at the Rodicks' home.  (*Id.*)  The complaint in the state court action asserts claims against JR for intentional infliction of emotional distress and assault and battery. (*Id.*)  The complaint also asserts claims against the Rodicks for negligent supervision and negligent infliction of emotional distress. (*Id.*)

### C.  Statement of Undisputed Material Facts

Unless otherwise noted, each of the following numbered facts has been, (1) asserted, and established through a specific record citation, by Plaintiff in its Statement of Material Facts, (2) expressly admitted, or denied without supporting specific record citations, by Defendants in their response thereto, and (3) found by the Court to be material to Plaintiff's motion.  (Dkt. No. 13, Attach. 1.)[1]

1. Defendant MDP commenced an action in New York State Supreme Court, Saratoga County captioned "MDP, Individually and as Parent and Natural Guardian of DDP, an infant v.

---

[1]  Neither Defendant in this action responded to Plaintiff's motion or submitted a response to its Statement of Material Facts.

Adam Rodick, Stephanie Rodick, Individually and as Parents and Natural Guardians of JR, an infant and JR an infant, individually et al."

2. The complaint in the state court action alleged that JR sexually assaulted DDP at a party on September 27, 2020 and/or September 28, 2020, while in the home of Adam Rodick and Stephanie Rodick.

3. The complaint in the state court action asserts counts of intentional infliction of emotional distress and assault and battery against JR.

4. The complaint in the state court action asserts counts of negligent supervision and negligent infliction of emotional distress against Adam and Stephanie Rodick, the parents of JR.

5. The Rodicks were the named insureds on the Policy No. 3580450020, which was effective 10/26/2019 to 10/26/2020.

6. The Insurance Agreement and Declarations of the Metropolitan policy contains a Joint Obligations Clause, which in the relevant part provides that "the responsibilities, acts and failures to act of a person defined as you will be binding upon another person defined as you."

7. The Metropolitan policy defines "you" as follows:

   1. the person or persons named in the Declarations and if a resident of the same household:

   A. the spouse of such person or persons;

   B. the relatives of either; or

   C. any other person under the age of twenty-one in the care of any of the above.

8. The Metropolitan liability coverage form provides coverage for "bodily injury and property damage to others for which the law holds you responsible because of an occurrence to which this coverage applies."

9. The Metropolitan policy contains the exclusion for Intentional Loss, which provides as follows: "Intentional Loss. We do not cover bodily injury or property damage which is reasonably expected or intended by you, or which is the result of your intentional and criminal acts or omissions."

10. The Metropolitan policy contains an exclusion for Abuse, which provides as follows: "Abuse. We do not cover bodily injury caused by or resulting from the actual, alleged or threatened sexual molestation or contact, corporal punishment, physical abuse, mental abuse, or emotional abuse of a person. This exclusion applies whether the bodily injury is inflicted by you or directed by you for another person to inflict sexual molestation or contact, corporal punishment, physical abuse, mental abuse, or emotional abuse upon a person."

11. The Metropolitan policy contains the exclusion for Emotional and Mental Anguish, which bars coverage for the following: "Emotional and Mental Anguish. We do not cover bodily injury caused by or resulting from emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury. However, this exclusion does not apply if the person seeking damages from emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury has first experienced direct physical harm."

D.  **Parties' Briefings on Plaintiff's Motion for Summary Judgment**

Generally, in Plaintiff's motion for summary judgment, Plaintiff asserts the following two arguments: (1) there is no coverage under the Policy because the alleged intentional acts of JR are binding upon the Rodicks pursuant to the Joint Obligations Clause; and (2) the actions of JR fall squarely into the exclusions of coverage in the Policy for (a) Intentional Loss, (b) Abuse, and (c) Emotional and Mental Anguish. (Dkt. No. 13, Attach. 9.) None of the Defendants

5

submitted a response to Plaintiff's motion for summary judgment. (*See generally* Docket Sheet.)

### E. Parties' Briefing on Plaintiff's Motion for Default Judgment

Generally, in Plaintiff's motion for default judgment, Plaintiff asserts the following three requirements: (1) it has met the procedural requirements for obtaining a default judgment against Defendants Adam and Stephanie Rodick (including but not limited to proper service and the filing of an entry of default); (2) according to both the allegations of the Complaint (which must be considered true) and the record evidence, there is no coverage under the Policy because the alleged intentional acts of JR are binding on Adam and Stephanie Rodick pursuant to the Policy's Joint Obligations Clause; and (3) MDP's individual claim of negligent infliction of emotional distress is barred by the Policy's Emotional and Mental Anguish Exclusion. (Dkt. No. 16, Attach. 2.) Again, Defendants Adam and Stephanie Rodick did not submit a response to Plaintiff's motion for default judgment. (*See generally* Docket Sheet.)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2] As for the materiality requirement, a dispute of

---

[2] As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]. As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

fact is "material" if it "might affect the outcome of the suit under the governing law . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant. *Id*. at 255. In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a), (c), (e).[3]

### B.     Legal Standard Governing Issuance of Declaratory Judgments

Courts have the authority to issue declaratory judgments as a form of relief so long as there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273 (1941). Declaratory judgment actions may commence even in cases where the underlying breach has not yet occurred. *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co*., 261 F. Supp. 2d 293, 295 (S.D.N.Y. 2003)**.**

### C.     Legal Standard Governing Motions for Default Judgments

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-

---

[3]     Among other things, Local Rule 56.1 requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching number paragraphs and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 56.1.

7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. In its motion for default judgment, "the moving party must '1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service.'" *Sloan v. Transunion, LLC*, 21-CV-0769, 2022 WL 2237639, at *2 (N.D.N.Y. June 16, 2022) (D'Agostino, J.) (citing Fed. R. Civ. P. 55(b); N.D.N.Y. L.R. 55.1, 55.2). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1]

8

determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### III. ANALYSIS

**A.    Whether the Court Should Grant Default Judgment to Plaintiff on Its Claims Against Defendants Adam and Stephanie Rodick**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated by Plaintiff in its motion papers. *See, supra,* Part I.E. of this Decision and Order.  To those reasons, the Court adds that, because such a default presents a threshold ground on which the Court bases its granting of Plaintiff's requested declaratory relief (to the extent it arises out of Plaintiff's claims against Defendants Adam and Stephanie Rodick), Plaintiff's separate motion for summary judgment presents an alternative, independent ground on which the Court can base its issuance of the declaratory judgment set forth in the So-Ordered paragraphs of this Decision and Order.

**B.    Whether Plaintiff's Burden Is Lightened on Its Motion for Summary Judgment (Including with Regard to Its Claims Against Defendant MPD) Due to Defendants' Failure to Respond to that Motion**

Generally, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute.  Of course, in such a circumstance, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).  Rather, as the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229,

232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3).  What the non-movant's failure to respond to the motion does is lighten the movant's burden.

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[4]  Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.).

Finally, this Court has often enforced Local Rule 56.1 by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement.[5]  Given that Defendants failed to respond in any manner to this motion, Plaintiff's burden has been reduced and its submitted facts and arguments will be reviewed for facial merit.

---

[4]  *See*, *e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]); *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).
[5] *Cusamano*, 604 F. Supp. 2d at 427 & n.6 (citing cases).

### C. Whether, According to that Standard, JR's Acts Bind the Insured

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Plaintiffs' memorandum of law. *See, supra,* Part I.D.1. of this Decision and Order. To those reasons, the Court adds the following analysis.

The Policy contains a Joint Obligation Clause which provides as follows:

> This insurance policy is a legal contract between you (the policyholder) and us (the Company named in the Declarations). It insures you and your property for the various kinds of insurance shown in the Declarations. The Declarations are an important part of this policy. By acceptance of this policy, you agree that the statements contained in the Declarations and in any application are your true and accurate representations. This policy is issued and renewed in reliance upon the truth of such representations. The terms of this policy impose joint obligations on all persons defined as you. This means that the responsibilities, acts and failures to act of a person defined as you will be binding upon another person defined as you. (Dkt. No. 13, Attach. 7.)

Further, the policy defines "you" as the following:

> the person or persons named in the Declarations and if a resident of the same household:
> A. the spouse of such person or persons;
> B. the relatives of either; or
> C. any other person under the age of twenty-one in the care of any of the above. . . (*Id.*)

The majority of courts have held that joint obligation clauses are enforceable, unambiguous, and bar coverage of a claim by one insured based on the actions of another. *Kantrow v. Sec. Mut. Ins. Co.*, 49 A.D.3d 818, 819, 854 (2008) ("Thus, despite the fact that the underlying complaint couches its allegations against the Kantrows in negligence by asserting that the Kantrows permitted or failed to stop their son's conduct, coverage is excluded, since the gravamen of the underlying action seeks to hold the Kantrows liable for the injuries resulting from their son's intentional acts." (citing *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 164 (1992)); *Metro. Prop. & Cas. Ins. Co. v. Colmey*, 18-CV-9259, 2019 WL 6184262, at *3 (S.D.N.Y. 2019); *Allstate Ins. Co. v. Pond Bar*, 1995 U.S. Dist. LEXIS 12447 (D.Minn., 1995); *Farmers v. Allstate Ins. Co,*, 31 I F. Supp. 2d 884 (C.D. CaL.2004); *Hrynkiw v. Allstate Floridian Ins.Co.*, 844 So2d 739 (Fla 5th Dist. 2003*); Allstate Ins. Co. v. Steele,*74F.3d 878 (8th Cir.1996); *Allstate Ins. Co. v. McCranie*, T16 F. Supp. 1440 (S.D.Fla.1989). This Court concurs and finds that the intent of the parties and language of the Joint Obligation Clause of the Policy to be clear and unambiguous and therefore the actions of JR are binding on the insured for the purposes of coverage as outline in the contract.

> **D.     Whether, According to that Standard, the Policy's Exclusions for Intentional Loss, Abuse, and Emotional and Mental Anguish Exclude Coverage for the Insured in the State Court Action**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Plaintiff's memorandum of law. *See, supra,* Part I.D. of this Decision and Order.  To those reasons, the Court adds the following analysis.

Plaintiff argues that the relevant exclusions of the Policy bar coverage for the insured for the actions of JR. The following relevant exclusions are included in the policy:

12

1. Intentional Loss. We do not cover bodily injury or property damage which is reasonably expected or intended by you or which is the result of your intentional and criminal acts or omissions (as amended by the New York Amendatory Endorsement, HAO1NY 0910). (Dkt. No. 13, Attach. 7.)

18. Abuse. We do not cover bodily injury caused by or resulting from the actual, alleged or threatened sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse of a person. This exclusion applies whether the bodily injury is inflicted by you or directed by you for another person to inflict sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse upon a person. (*Id.*)

19. Emotional and Mental Anguish. We do not cover bodily injury caused by or resulting from emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury. However, this exclusion does not apply if the person seeking damages from emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury has first experienced direct physical harm. (*Id.*)

Clear and unambiguous provisions of an insurance policy (like all contracts) must be given their plain meaning, and courts should not rewrite a contract after the fact and adopt an interpretation that renders a clause meaningless. *Metro. Prop. & Cas. Ins. Co. v. Colmey*, 18-CV-9259, 2019 WL 6184262, at *2 (S.D.N.Y. 2019); *State Farm Mut. Auto. Ins. Co. v. Juma*, 844 N.Y.S.2d 364, 365 (2007)*: Wallace v. 600 Partners Co.*, 205 A.D.2d 202, 206, (1994).

Here, DDP's claims against the Rodicks in the state court action are for the alleged sexual abuse of their daughter by JR and the emotional and mental anguish caused by that incident. (Dkt. No. 1, Attach. 1.) Sexual abuse and assault are intentional acts under the law. *Tasso v. Aetna Ins. Co.*, 247 A.D.2d 376, 376 (1998); *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 164 (1992); *Pistolesi v. Nationwide Mut. Fire Ins. Co.*, 223 A.D.2d 94, 97 (1996). The actions of JR are explicitly excluded from coverage in the Policy by the "Intentional Loss" and "Abuse" exclusions. (Dkt. No. 13, Attach. 7.) In addition, damages for emotional and mental distress are likewise omitted from coverage by the "Emotional and Mental Anguish" exclusion. (*Id.*) In

rendering this decision, the Court considered the language of the Policy and applied its plain meaning.  The intent of the parties is clear and there is no evidence or argument in the record to support another interpretation.  The Court also found instructive a distinctly similar case, in which a policy from Plaintiff was found to exclude coverage for sexual abuse perpetrated by a child of an insured.  *Metro. Prop. & Cas. Ins. Co. v. Colmey,* 18-CV-9259, 2019 WL 6184262 (S.D.N.Y. 2019).

Plaintiff has met its burden of establishing that there are no material facts in dispute. Thus, no coverage exists for the Rodicks under the Policy for the claims asserted in the state court action commenced by MDP, and Plaintiff is not obligated to defend or indemnify the Rodicks in the state court action.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 16.) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 13.) is **GRANTED**; and it is further

**ORDERED** that it is hereby **DECLARED** and **DECREED** as follows:

(1) the alleged intentionally harmful acts of the insured's son, JR, do not constitute an "occurrence" as that term is defined in the Policy, JR's alleged actions bind the insured under the Policy's Joint Obligation Clause, and Plaintiff has no obligation under the Policy to defend or indemnify the insured in the underlying state court action;

(2) JR's alleged intentionally harmful acts fall within the scope of the Policy's Intentional Loss Exclusion and are binding on the insured;

(3) JR's alleged intentionally harmful acts also fall within the Policy's Abuse Exclusion and are binding on the insured; and

(4) MDP's individual claim for emotional distress is specifically excluded from coverage by the Policy's Emotional and Mental Anguish Exclusion.

Dated: September 19, 2023
      Syracuse, NY

_____
Glenn T. Suddaby
U.S. District Judge